**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2455 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00281-DCN-1 |
| v. | MEMORANDUM* |
| LAJAI JAMAR PRIDGETTE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted May 29, 2024**

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Lajai Jamar Pridgette appeals from the district court's judgment and challenges the sentence of 13 months' imprisonment and 23 months' supervised release imposed upon the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pridgette contends that the district court procedurally erred by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court noted Pridgette's significant criminal history and violent past, but also acknowledged that he had changed since his original conviction and that his instant violations were non-violent. Balancing these considerations and the statutory sentencing factors, the court explained that a sentence at the high end of the applicable Guidelines range was warranted, rejecting both the government's recommendation of an above-Guidelines sentence and Pridgette's recommendation of a sentence at the low end of the range. The record also makes clear that the court believed Pridgette should remain on supervision for the maximum possible term following his incarceration. Contrary to Pridgette's contention, this record permits meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Pridgette also contends that the sentence is substantively unreasonable. In light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, however, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**